NATHAN D. UPHAM *vs.* EBEN L. DAMON.

In an action on a judgment rendered by a magistrate of another state, the objection that the declaration does not show that he had jurisdiction can only be taken by demurrer.

If a transcript of the record of a judgment of a magistrate of another state is filed in the clerk's office of the circuit court of the same county in which the judgment was rendered, in pursuance of a statute which provides that when so filed the clerk shall enter such judgment in the docket of the circuit court judgments, the judgment, after such filing and entry of the transcript, becomes a judgment of the circuit court, and may be proved in the manner provided in Gen. Sts. *c.* 131, § 61.

CONTRACT upon a judgment rendered in favor of the plaintiff against the defendant before a justice of the peace in Wisconsin.

At the trial in the superior court, before *Vose,* J., without a jury, the plaintiff offered in evidence a volume of the statutes of Wisconsin, and read therefrom *c.* 120, §§ 155–170. So much as is material of these statutes is copied in the opinion. The plaintiff then put in evidence a transcript from the circuit court of Waupacca County, Wisconsin, as follows : 1. A paper, addressed to Ira Sumner, justice of the peace, dated December 4th 1860, signed and sworn to by Eben L. Damon, confessing judgment in favor of the plaintiff, for $92.31, due on a promissory note, and authorizing the justice to enter judgment accordingly, and a copy of the note. 2. A copy of the entries upon Sumner's docket, showing that judgment was entered accordingly, on the 4th of December 1860, for damages and costs. 3. A certificate by H. G. Reifland, dated March 14th 1864, that he was the successor of Ira Sumner as justice of the peace, and was the only person by law having charge of the books and papers formerly in Sumner's possession as justice of the peace, and giving a transcript of the entries upon the docket of said Sumner together with a copy of the confession of judgment, and setting forth that the same was a true and correct transcript of all entries upon the docket of said Sumner, and all papers on file in said cause. 4. A transcript of the judgment from the judgment docket of the circuit court of Waupacca County, showing that the same was filed in that court on the 3d of June 1863.

5. A certificate from the clerk of the circuit court for that county, under the seal of the court, that he had compared the foregoing with the papers on file in his office, and found them to be true and correct copies, and that Sumner was on the 4th of December 1860 legally qualified as a justice of the peace, and that Reifland was also qualified in like manner, on the 14th of March 1864. 6. A certificate from a judge of the judicial district of which Waupacca County was a part, to the qualifications of the clerk.

The declaration did not set forth the statutes of Wisconsin giving the justice of the peace jurisdiction, and prescribing how the transcripts should be made, and for this reason the defendant objected to the competency of the above evidence; but the judge overruled the objection, and found that the plaintiff was entitled to recover. The defendant alleged exceptions.

*C. P. Judd*, for the defendant.

*A. V. Lynde*, for the plaintiff.

GRAY, J. 1. The objections to the declaration related to the particulars of the form of describing the cause of action, and could be taken by demurrer only. *Clay* v. *Brigham*, 8 Gray, 162. *Batchelder* v. *Batchelder*, 2 Allen, 106. *Beatty* v. *Randall*, 5 Allen, 441. We have not therefore considered whether, if so taken, they would have availed the defendant.

2. The statutes of Wisconsin, which were read in evidence at the trial, relating to judgments of justices of the peace and the making and preservation of transcripts thereof, provide that " the clerk of the circuit court of the same county in which the judgment was rendered shall, upon the production of such transcript, file the same in his office, and forthwith enter such judgment in the docket of the circuit court judgments." Rev. Sts. of Wisconsin, *c.* 120, § 170. This section shows that the judgment, after such filing of the transcript, must be treated as a judgment of the circuit court; and it is unnecessary to refer to § 174 of the same chapter, which, not having been given in evidence at the trial, is not open to our consideration. *Knapp* v. *Abell*, 10 Allen, 485. The judgment of the justice of the peace, being thus matter of record in the circuit court, the attestation of the

clerk of that court, with the seal of the court annexed, was therefore a sufficient authentication of this record to make it competent evidence under the statutes of this commonwealth. Gen. Sts. *c.* 131, § 61.                                   *Exceptions overruled.*